**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mark Cardenas | Civil 99-1421 JRT/FLN |
| Pamela Muldoon | Civil 99-1422 JRT/FLN |
| Wanda McKinney | Civil 99-1467 JRT/FLN |
| Lori Gillespie | Civil 99-1526 JRT/FLN |
| Mary Cutter | Civil 99-1567 JRT/FLN |
| Steve Mortensen | Civil 99-1569 JRT/FLN |
| Frank Zastrow | Civil 99-1571 JRT/FLN |
| Kingdom Kanu | Civil 99-1575 JRT/FLN |
| Rene Masinda | Civil 99-1576 JRT/FLN |
| Nicole Plocher | Civil 99-1577 JRT/FLN |
| Amy Oelrich | Civil 99-1616 JRT/FLN |
| Thomas Olson | Civil 99-1617 JRT/FLN |
| Terry Struzyk | Civil 99-1736 JRT/FLN |
| Festo Ebongu | Civil 99-1784 JRT/FLN |
| William Spears | Civil 99-1786 JRT/FLN |
| Stephen Adeyinka | Civil 99-1787 JRT/FLN |
| Mary Jane Mayer | Civil 99-1789 JRT/FLN |
| Marc Peacock | Civil 99-1796 JRT/FLN |
| Preston Cunningham | Civil 99-1797 JRT/FLN |
| Aristotle Trinity | Civil 99-1798 JRT/FLN |
| Kristin Hoefling | Civil 99-1799 JRT/FLN |
| Wanda Poston-Killion | Civil 99-1800 JRT/FLN |
| Chadwick Holton | Civil 99-1801 JRT/FLN |
| Mel Gregory Peacock | Civil 99-1802 JRT/FLN |
| Mary Hartell | Civil 99-1849 JRT/FLN |
| Everett Larson | Civil 99-1850 JRT/FLN |
| Steven Demarais, | Civil 00-005 JRT/FLN |

Plaintiffs,

v.

The Prudential Insurance Company of America,

Defendant.

**STIPULATION AND ORDER**
**OF CONFIDENTIALITY**

FILED MAY 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

WHEREAS, plaintiffs and defendant The Prudential Insurance Company of America ("defendant") (collectively referred to herein as "the parties") are presently engaged in discovery; and

WHEREAS, the parties consider some of the information being sought in discovery or contained in documents being sought in discovery to be of a confidential nature; and

WHEREAS, the parties have agreed to the entry of this Stipulation to permit plaintiffs' and defendant's counsel to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND AGREED as follows:

1. "Confidential Information" as used herein, means any type or classification of information designated as confidential by the party producing it, whether it be a document, information contained in a document, information revealed in an interrogatory response, information revealed during a deposition, or any other form of information.

2. As used herein, the term "document" means the original, non-identical copies, drafts and fragments of writings, papers, printed or graphic material of any kind, including, without limitation, court papers, employment records, financial records, log books, memoranda, reports, notes, messages (including reports, notes and memoranda of telephone conversations and conferences), tape recordings, film, and/or audio or video recordings of any type, computer disks and copies of all materials kept on hard drive (or any other form of computer storage), electronic mail of any sort or brand name, correspondence, announcements,

minutes, newspapers and calendar or diary entries. Designated documents are to include all attachments and enclosures.

3. "Qualified Person" as used herein means for Confidential Information produced by defendant: (a) plaintiffs' counsel, legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of the Confidential Information produced by defendant pursuant to this Stipulation; (b) any expert, expert's staff or third party employed, retained or used by plaintiffs' counsel, including but not limited to investigators, for the purpose of assisting counsel in the prosecution of this litigation; (c) all plaintiffs; (d) the Court (including any clerk, stenographer or other person having access to any Confidential Information by virtue of his or her position with or affiliation with the Court); and (e) any other person to whom the designating party agrees in writing.

"Qualified Person" as used herein means for Confidential Information produced by plaintiffs: (aa) defendant's counsel, legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of the Confidential Information produced by plaintiffs pursuant to this Stipulation; (bb) any expert, expert's staff or third party employed, retained, or used by defendant or its attorneys, including but not limited to investigators, for the purpose of assisting in the defense of this litigation; (cc) defendant, including any employee, agent, former employee, or former agent of The Prudential Insurance Company of America or its present or former parents, subsidiaries or related entities any of whom is involved in or connected with this litigation, whose connection is reasonably determined by defendant; (dd) the Court (including any clerk, stenographer or other person having access to any Confidential

Information by virtue of his or her position with or affiliation with the Court); and (ee) any other person to whom the designating party agrees in writing.

4. Counsel for the parties shall designate discovery materials produced in the course of discovery as Confidential Information by marking or stamping such discovery materials where possible with the word "CONFIDENTIAL."

5. Access to/disclosure of Confidential Information marked or stamped as "CONFIDENTIAL" shall be limited only to Qualified Persons. Such access to/disclosure of Confidential Information to Qualified Persons shall only be permitted or made to the extent counsel in good faith believes that such access or disclosure is reasonably necessary to the prosecution or defense of this litigation, and in the case of Qualified Persons described in subparagraphs 3(b), 3(e), 3(bb), 3(cc) (as to former Prudential employees, former Prudential agents, and/or former Prudential entities) and 3(ee) above only after execution by such persons of a written Acknowledgment in the form attached hereto as Exhibit A.

6. Each Qualified Person will maintain Confidential Information in confidence and will not reveal any Confidential Information to any person who is not a Qualified Person without the prior written consent of counsel for the party who produced the information or an order by the Court authorizing such disclosure. Confidential Information shall be used only for the purposes of any of the above-captioned actions and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated to any person or entity except as provided herein.

7. In the event counsel for any party disagrees with any designation of "Confidential Information" or considers it necessary to disclose Confidential Information to persons other than as permitted herein, counsel shall confer and attempt to resolve the matter informally. If they are unable to do so, application may be made to the Court for a determination whether particular documents or other information should be treated as Confidential Information or whether the disclosure of the information shall be permitted. The party asserting confidentiality shall have the burden of establishing the same. A failure of any party to challenge a claim of confidentiality shall not constitute acquiescence to such claim if a question of compliance with this stipulation or a question of categorization of information as confidential subsequently is raised. Subsequently developing disputes may be brought to the Court's attention, after the parties have met informally to attempt to resolve the dispute. The information in question shall be treated as Confidential Information, subject to the terms of this Stipulation and Order, until otherwise agreed to by the parties or ordered by the Court.

8. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information pursuant to the procedures set forth herein and, if so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Counsel for the parties may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Information and examine the witness concerning such information provided that (a) the witness is informed that the information is

confidential and is instructed that such confidentiality must be maintained; and (b) no persons are present during those portions of the examination concerning Confidential Information except the witness, Qualified Persons, defendant's and plaintiffs' counsel, and a court reporter.

10. The transcript of deposition testimony deemed Confidential Information shall be bound separately, marked by the court reporter "CONFIDENTIAL" and treated as Confidential Information subject to the terms of this Stipulation and Order.

11. Confidential Information once disclosed may be copied only to the extent necessary to permit its use in accordance with the terms of this Stipulation and Order.

12. By designating and accepting the designation of information as confidential, the parties intend to make no stipulations or conclusions about that information's admissibility at trial. If any party wishes to use information or documents designated as Confidential Information during any trials of these actions, the parties will in advance confer in good faith to agree upon a method (subject to the Court's approval) to protect such Confidential Information during such proceedings; if they are unable to agree upon a method to protect such Confidential Information, any party may apply to the Court for a mechanism to maintain the confidentiality of discovery material designated as Confidential Information, or apply to the Court for permission to offer Confidential Information into evidence without the use of a mechanism to preserve the confidentiality of the information, if such mechanism is unavailable.

13. This Stipulation and Order has no effect upon, and its scope shall not extend to, any producing party's use or disclosure of its own Confidential Information.

14. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal whenever possible and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

15. Within thirty days of the conclusion of this action (including appeals, if any), all Confidential Information, and all documents containing Confidential Information, in the possession of any Qualified Person or any other person who has received such documents pursuant to this Stipulation and Order, shall be returned to counsel for the party who produced the documents, together with all copies, extracts and summaries thereof, except that the parties' counsel shall be permitted to retain its working files on the condition that those files will remain confidential in perpetuity consistent with the terms of this Stipulation and Order.

16. This Stipulation and Order may be amended by further Stipulation, or if the parties are unable to agree, by the Court on the application of a party.

17. This Stipulation and Order shall extend beyond the final conclusion of these actions, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the parties or by Order of the Court. The Court shall retain jurisdiction to resolve any dispute arising under this stipulation and order at any time, including but not limited to following the conclusions of the matters, whether by dismissal, settlement or trial.

18. This Stipulation and Order shall be binding on the parties, their counsel, all Qualified Persons, and all other persons having knowledge of its terms. It is enforceable by the contempt power of the United States District Court for the District of Minnesota and by any other appropriate sanction deemed appropriate by that Court.

NEFF LAW FIRM, P.A.

By: Theresa A. Freeman
Theresa A. Freeman (#150848)
Fred L. Neff (#77355)

720 Minnesota Center
7760 France Avenue South
Bloomington, MN 55435
(612) 831-6555
Attorneys for Plaintiff

Date: April 27, 2001

PROSKAUER ROSE LLP

By: ______________________
Neil H. Abramson (NA-0889)
Lloyd B. Chinn (LC-7953)

1585 Broadway
New York, New York 10036
(212) 969-3001
Attorneys for Defendant

Date: 4/26/01

BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A.

By: Robin Ann Williams
John M. Degnan (#21817)
Robin Ann Williams (#242664)

3500 Multifoods Tower
33 South Sixth Street
Minneapolis, Minnesota 55402
(612) 333-3000
Attorneys for Plaintiff

Date: April 26, 2001

Having heard arguments from the parties regarding two disputes, as set forth in the Parties' Joint Submission Regarding Stipulation and Order of Confidentiality, the Court hereby directs that the Defendant sign the Stipulation proposed by the Plaintiffs.

SO ORDERED:

_______________________________
~~Francis~~ L. Noel, U.S.M.J.
FRANKLIN

Dated: 5/1/01

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mark Cardenas | Civil 99-1421 JRT/FLN |
| Pamela Muldoon | Civil 99-1422 JRT/FLN |
| Wanda McKinney | Civil 99-1467 JRT/FLN |
| Lori Gillespie | Civil 99-1526 JRT/FLN |
| Mary Cutter | Civil 99-1567 JRT/FLN |
| Steve Mortensen | Civil 99-1569 JRT/FLN |
| Frank Zastrow | Civil 99-1571 JRT/FLN |
| Kingdom Kanu | Civil 99-1575 JRT/FLN |
| Rene Masinda | Civil 99-1576 JRT/FLN |
| Nicole Plocher | Civil 99-1577 JRT/FLN |
| Amy Oelrich | Civil 99-1616 JRT/FLN |
| Thomas Olson | Civil 99-1617 JRT/FLN |
| Terry Struzyk | Civil 99-1736 JRT/FLN |
| Festo Ebongu | Civil 99-1784 JRT/FLN |
| William Spears | Civil 99-1786 JRT/FLN |
| Stephen Adeyinka | Civil 99-1787 JRT/FLN |
| Mary Jane Mayer | Civil 99-1789 JRT/FLN |
| Marc Peacock | Civil 99-1796 JRT/FLN |
| Preston Cunningham | Civil 99-1797 JRT/FLN |
| Aristotle Trinity | Civil 99-1798 JRT/FLN |
| Kristin Hoefling | Civil 99-1799 JRT/FLN |
| Wanda Poston-Killion | Civil 99-1800 JRT/FLN |
| Chadwick Holton | Civil 99-1801 JRT/FLN |
| Mel Gregory Peacock | Civil 99-1802 JRT/FLN |
| Mary Hartell | Civil 99-1849 JRT/FLN |
| Everett Larson | Civil 99-1850 JRT/FLN |
| Steven Demarais, | Civil 00-005 JRT/FLN |

Plaintiffs,

v.

The Prudential Insurance Company of America,

Defendant.

**ACKNOWLEDGMENT OF STIPULATION AND**
**ORDER REGARDING CONFIDENTIAL INFORMATION**

I have read the Stipulation and Order regarding Confidential Information in the above-captioned action. I hereby acknowledge that I understand the terms thereof, and that I consent to be bound by such terms.

I understand that the Stipulation and Order is enforceable by the contempt power of the United States District Court for the District of Minnesota and by any other appropriate sanction deemed appropriate by that Court.

Date: ________________

________________________
Signature

________________________
Print Name